**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANDY DESTY,<br>Plaintiff,<br>v.<br>CITY OF ATLANTA,<br>Defendant. | Civil Action No.<br>1:25-cv-05272-SDG |

**OPINION AND ORDER**

This matter is before the Court on various motions filed by the parties: Plaintiff Andy Desty's "notice of change of judge" [ECF 5]; Defendant City of Atlanta's motion for relief from an order based on a clerical error [ECF 6]; the City's motion to dismiss [ECF 7]; Desty's motion for entry of default [ECF 8]; and Desty's motion for a jury trial [ECF 11]. For the following reasons, Desty's motions are **DENIED**, the City's motion to dismiss is **GRANTED**, and the City's motion for relief is **DENIED as moot**.

## I. Factual Allegations

Desty alleges he was stopped by a police officer on June 15, 2025, without probable cause and then had to appear in Atlanta Municipal Court.[1] Desty claims that the municipal court forced him to attend court proceedings "for no lawful

[1] ECF 1, at 9–10. It appears that Desty received a traffic citation for driving with a suspended or revoked license. *Id.* at 30. Such offense is, at a minimum, a misdemeanor under Georgia law. O.C.G.A. § 40-5-121(a).

reason" and that he has no contract with the City.[2] According to Desty, this violates various constitutional provisions and federal laws (*e.g.*, the Fifth Amendment; the Fourteenth Amendment; 42 U.S.C. §§ 1983, 1985).[3] He seeks various injunctive relief and damages.[4]

## II. Desty's Recusal Motion

On September 22, 2205, Desty filed a "notice of change of judge," which the Court construes as a motion to recuse.[5] Desty argues that his complaint "made it clear" that undersigned "shall not attend or assign to this case."[6] But a plaintiff is not entitled to dictate which judge is assigned to his case. *Marshall v. Marshall* (*In re Marshall*), 721 F.3d 1032, 1040 (9th Cir. 2013) ("[A] party has no due process right to random case assignment or to ensure the selection or avoidance of any particular judge absent a showing of bias or partiality in the proceedings."). And Desty has not identified any legal basis for undersigned's recusal.

A judge should recuse under 28 U.S.C. § 455 when "an objective, fully informed lay observer would entertain significant doubt about the judge's

---

2 *Id.* at 11.

3 *See, e.g., id.* at 2–3, 12–13.

4 *Id.* at 14–15.

5 ECF 5. To the extent Desty seeks the recusal of United States Magistrate Judge J. Elizabeth McBath, the motion is moot. Judge McBath was never assigned to this case.

6 *Id.* at 2.

impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Unhappiness with undersigned's prior rulings does not support recusal. *See, e.g.*, *Daker v. United States*, 787 F. App'x 678, 681 (11th Cir. 2019) ("Daker's conjecture that the district court judges might be, or might appear to be, partial was insufficient to warrant their recusal."); *Daker v. Warren*, 779 F. App'x 654, 658 (11th Cir. 2019) ("The district court judge was not required to recuse without some evidence that he had a disqualifying personal bias against or interest adverse to Daker."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case."). Desty has identified no facts suggesting that an impartial observer would doubt undersigned's impartiality.

Desty's request for undersigned to recuse is **DENIED**.

## III. The City's Motion for Relief from Order Based on a Clerical Error

Desty filed this suit on September 16, 2025.[7] The City was served with process on September 22, 2025. However, the docket entry for the proof of service erroneously indicates that service was effected on September 16 (the same day the case was initiated).[8] As a result, the entry by the Clerk reflects that the City's

---

[7] ECF 1.

[8] ECF 4. Desty acknowledges that service was effected on September 22, 2025. ECF 8, at 4–5.

response to the complaint was due on October 7.[9] Pursuant to the Federal Rules of Civil Procedure, however, the response was not due until October 13. Fed. R. Civ. P. 12(a)(1)(A)(i), (a)(4).

Because of this erroneous docket description, the City requests that the Court correct the due date for it to respond to Desty's pleading.[10] Such relief is unnecessary. The Clerk's calculation error is not a Court Order and does not override the dictates of Rule 12. Fed. R. Civ. P. 6(a), (b) ("Unless another time is specified by a federal statute," a defendant must serve an answer or motion under Rule 12 "within 21 days after being served with the summons and complaint . . . ."). The City's response to the complaint was due on October 13, not October 7, and the City's motion to dismiss was timely filed.[11] The request for relief is thus moot.

Conversely, because the City timely responded to the complaint by filing a motion to dismiss—as permitted by Fed. R. Civ. P. 12(b)—Desty's assertion that the City "failed to answer [or] counterclaim, and failed to plead or otherwise

---

9 *Id.*

10 ECF 6.

11 ECF 7.

defend and appear against this action in a timely manner"[12] is wrong. His motion for an entry of default is thus **DENIED**.

**IV. The City's Motion to Dismiss**

The City argues that Desty's complaint fails to state a claim and that the Court lacks subject matter jurisdiction over Desty's claims in any event. Desty did not respond to the substance of the City's arguments in favor of dismissal, reasserting only that the City is in default.[13] To the extent the Court is able to interpret the allegations in the complaint, it appears that Desty wants this Court to take jurisdiction over the state court proceedings related to his traffic citation and to vacate all of the orders issued in those proceedings. It is unclear whether the case is ongoing in the municipal court. Either way, Desty has identified no legal basis for this Court to exercise such extraordinary jurisdiction.

Federal courts should not interfere with ongoing state criminal proceedings when the state's vital interests are involved. *Younger v. Harris*, 401 U.S. 37, 49 (1971). The enforcement of Georgia's traffic laws is an important state interest. *United States v. Regan*, 218 F. App'x 902, 905 (11th Cir. 2007) (per curiam) (noting states' interests in ensuring compliance with their drivers' licensing and vehicle registration laws). Desty does not argue otherwise. Moreover, Desty has not

---

[12] ECF 8, at 5.

[13] ECF 10.

pointed to any reason why he is prohibited from raising his federal constitutional arguments in the state case or shown any exceptional circumstance that would justify this Court wresting jurisdiction from the municipal court. Federal courts should assume that state-court procedures provide parties an adequate opportunity to raise constitutional issues unless there is clear authority to the contrary. *Chen ex rel. V.D. & D.D. v. Lester*, 364 F. App'x 531, 535 (11th Cir. 2010) (per curiam) (citing *31 Foster Children v. Bush,* 329 F.3d 1255, 1279 (11th Cir. 2003)). Desty has pointed to no such authority. Accordingly, if the criminal proceeding against Desty is ongoing, abstention under *Younger* is appropriate. *Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) ("Boyd's state criminal proceeding is ongoing, implicates an important state interest, and will provide an adequate opportunity for Boyd to raise constitutional challenges. Thus, the district court did not abuse its discretion in dismissing Boyd's complaint on abstention grounds.").

If the state case against Desty has reached a final judgment, the exercise of this Court's jurisdiction is barred by the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Fox v. Fla. Dep't of Children & Families*, 828 F. App'x 639, 640 (11th Cir. 2020) (per curiam) (citation omitted).

Finally, to the extent Desty seeks damages from the City, he was required to allege that: (1) his constitutional rights were violated; (2) the City had a custom or policy that constituted deliberate indifference to those rights; and (3) the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Desty has identified no custom or policy by the City that purportedly led to the violation of his constitutional rights. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022) (stating that a plaintiff can show a relevant custom or policy by "(1) identifying an official policy; (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights"). Accordingly, Desty has not stated a claim against the City for damages.

## V. Desty's motion for a jury trial

Desty demands a trial by jury in the event the Court does not grant his motion for entry of default.[14] But Desty has not pleaded any claims that may proceed in this Court and is thus not entitled to a jury trial. *Miller v. Byers*, 833 F. App'x 225, 228 (11th Cir. 2020) ("[T]he Federal Rules of Civil Procedure

---

[14] ECF 11.

authorize a district court before trial to grant a motion to dismiss for failure to state a claim . . . . And we have held that a district court's resolution of a case based on a matter of law, before trial, does not violate the Seventh Amendment.") (citations omitted). Desty's motion for a jury trial is **DENIED**.

## VI. Conclusion

Desty's requests for relief [ECFs 5, 8, 10, 11] are **DENIED**. The City's motion to dismiss [ECF 7] is **GRANTED** and its motion for relief [ECF 6] is **DENIED as moot**. This action is **DISMISSED** and the Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge